1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
3   ELIZABETH A. HAN (SBN 274578)
    Email: ehan@kadingbriggs.com
4   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendants
    WELLS FARGO BANK, N.A. and
8   WELLS FARGO & COMPANY

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12   ARMANDO MEJIA, an individual,        CASE NO.:_____

13            Plaintiff,                  Los Angeles County Superior Court Case
                                          No: 21STCV35947
14        vs.
                                          **DEFENDANT WELLS FARGO**
15   WELLS FARGO BANK, N.A., a            **BANK, N.A.'S NOTICE OF**
     federally chartered bank; WELLS      **REMOVAL OF ACTION TO UNITED**
16   FARGO & COMPANY, a Delaware          **STATES DISTRICT COURT**
     corporation; and DOES 1 through      **PURSUANT TO 28 U.S.C. §§ 1332,**
17   50, inclusive,                       **1441 AND 1446 (DIVERSITY)**

18            Defendants.
                                          Complaint Filed:   September 29, 2021
19

20

21

22

23

24

25

26

27

28

506007

                                    1
                DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

# TABLE OF CONTENTS

**PAGE NO.**

I.      THE STATE COURT ACTION AND PROCEDURE OF REMOVAL ..........................................................................6

II.     JURISDICTION ......................................................................7

III.    DIVERSITY OF CITIZENSHIP ............................................7

    A.      Plaintiff Is a Citizen of California......................................8

    B.      Wells Fargo Bank, N.A. Is a Citizen of South Dakota. ......................9

    C.      Wells Fargo & Company Is a Fraudulently Joined, Sham Defendant. ..................................................................10

        1.      Plaintiff Alleges No Facts Showing that Wells Fargo & Company Employed Him.............................................11

        2.      Plaintiff Cannot Assert any of His Six Causes of Action Against Wells Fargo & Company. ...............................14

IV.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000....................14

    A.      Plaintiff's Complaint Pleads Damages in Excess of $75,000. ..........15

        1.      Plaintiff's Alleged Lost Wages Alone Could Exceed the Requisite $75,000 Amount in Controversy. ......................15

        2.      The Alleged General, Special, and Punitive Damages Place the Amount in Controversy in Excess of $75,000.........16

        3.      Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000.............................17

    B.      Jury Verdicts Establish that Plaintiff's Claims Regularly Result in Damage Awards in Excess of $75,000. .........................17

V.      PROCESS, PLEADINGS AND ORDERS..................................19

506007

1

# TABLE OF AUTHORITIES

**PAGE NO.**

## STATE CASES

*Laird v. Capital Cities/ABC, Inc.*,
    68 Cal. App. 4th 727 (1998)..........................................................................10

## FEDERAL CASES

*Abrego v. Dow Chemical Co.*,
    443 F. 3d 676 (9th Cir. 2006).........................................................................14

*Allen v. Pac. Bell*,
    212 F. Supp. 2d 1180 (C.D. Cal. 2002)..........................................................11

*Avila v. P & L Dev., LLC*,
    No. CV 18-01211 SJO (AS), 2018 WL 1870422
    (C.D. Cal. Apr. 18, 2018).........................................................................17, 18

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
    465 F. 2d 489 (9th Cir.1972).........................................................................15

*Campidoglio LLC v. Wells Fargo & Co.*,
    No. C12-949 TSZ, 2012 WL 5844693
    (W.D. Wash. Nov. 19, 2012).........................................................................13

*Cenis v. WinCo Holdings, Inc.*,
    No. 117CV00863DADJLT,
    2018 WL 2412324 (E.D. Cal. May 29, 2018)...............................................14

*Chavez v. JPMorgan Chase & Co.*,
    888 F.3d 413 (9th Cir. 2018)....................................................................16, 17

*Chambers v. Penske Truck Leasing Corp.*,
    No. 1:11-CV-00381 LJO,
    2011 WL 1459155 (E.D. Cal. April 15, 2011).............................................16

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S.Ct. 547 (2014) .....................................................................................15

*Ferrigno v. Philips Elecs. N. Am. Corp.*,
    No. C-09-03085 RMW,
    2009 WL 10692955 (N.D. Cal. Nov. 5, 2009)........................................10, 11

*Fritsch v. Swift Trans. Co. of Ariz., LLC*,
    899 F.3d 785 (9th Cir. 2018)........................................................................17

*Gibson v. Chrysler Corp.*,
    261 F.3d 927 (9th Cir. 2001).........................................................................16

*Haase v. Aerodynamics Inc.*,
    No. 2:09-CV-01751-MCE-GG,
    2009 WL 3368519 (E.D. Cal. Oct. 19, 2009) .............................................16

506007

3

## TABLE OF AUTHORITIES (cont'd)

**PAGE NO.**

**FEDERAL CASES**

*In re Taco Bell Wage & Hour Actions*,
  222 F. Supp. 3d 813 (E.D. Cal. 2016) .......................................................... 17

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ........................................................................ 8

*Langston v. T-Mobile US, Inc.*,
  No. LACV1801972JAKASX,
  2018 WL 2382464 (C.D. Cal. 2018) .......................................................... 15

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ...................................................................... 8, 9

*Navarro v. DHL Glob. Forwarding*,
  No. 215CV05510CASEX,
  2018 WL 2328191 (C.D. Cal. May 21, 2018) ............................................ 17

*McCabe v. Gen. Foods Corp.*,
  811 F.2d 1336 (9th Cir. 1987) .................................................................... 10

*McKenna v. Wells Fargo Bank, N.A.*,
  693 F.3d 207 (1st Cir. 2012) ...................................................................... 10

*Merrick v. Hilton Worldwide, Inc.*,
  867 F.3d 1139 (9th Cir. 2017) .................................................................... 14

*Mondragon v. Capital One Auto Finance*,
  776 F.3d 880 (9th Cir. 2013) ........................................................................ 8

*Morris v. Princess Cruises, Inc.*,
  236 F.3d 1061 (9th Cir. 2001) .................................................................... 10

*Ritchey v. Upjohn Drug Co.*,
  139 F.3d 1313 (9th Cir. 1998) .................................................................... 10

*Rouse v. Wachovia Mortgage, FSB*,
  747 F.3d 707 (9th Cir. 2014) ........................................................................ 9

*Ruiz v. Sysco Corp.*,
  No. 09-CV-1824-H MDD,
  2011 WL 3300098 (S.D. Cal. July 29, 2011) ............................................ 11

*Simmons v. PCR Tech.*,
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) .......................................... 16, 18, 19

*Vasquez v. Wells Fargo Bank, Nat'l Ass'n*,
  77 F. Supp. 3d 911 (N.D. Cal. 2015) .................................................... 10, 13

*Wachovia Bank v. Schmidt*,
  546 U.S. 303 (2006) ...................................................................................... 9

1

<u>**TABLE OF AUTHORITIES (cont'd)**</u>

<u>**PAGE NO.**</u>

2

<u>**STATUTES**</u>

3    28 U.S.C. Section 1332...............................................................................6, 7, 10

4    28 U.S.C. Section 1348...................................................................................9

5    28 U.S.C. Section 1441................................................................................6, 7

6    28 U.S.C. Section 1441(b)(1) ..........................................................................8

7    28 U.S.C. Section 1441(b)(2) ........................................................................10

8    28 U.S.C. Section 1446...................................................................................6

9    California Government Code Section12965(b)................................................17

10   Federal Rule of Civil Procedures 6(a) .............................................................7

11   Federal Rule of Civil Procedures 8(a) ...........................................................15

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

506007

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2   THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS

3   COUNSEL OF RECORD:

4

5   PLEASE TAKE NOTICE THAT Defendant Wells Fargo Bank, N.A. hereby

6   removes to this Court the state court action described below pursuant to 28 U.S.C.

7   Sections 1332, 1441 and 1446.

8

9   **I.   THE STATE COURT ACTION AND PROCEDURE OF REMOVAL**

10   On September 29, 2021, plaintiff Armando Mejia ("Plaintiff") commenced

11   an action against Wells Fargo Bank, N.A. and Wells Fargo & Company in the

12   Superior Court of the State of California in and for the County of Los Angeles –

13   Central District ("Superior Court"), entitled *Armando Mejia v. Wells Fargo Bank,*

14   *N.A., et al.*, Case No. 21STCV35947.  A true and correct file-stamped copy of the

15   Complaint with Civil Case Cover Sheet is attached hereto as Exhibit "A."  A true

16   and correct copy of the Summons, filed on September 29, 2021, is attached hereto

17   as Exhibit "B."  The Superior Court filed a Notice of Case Assignment on the same

18   day Plaintiff filed the Complaint, a true and correct copy of which is attached hereto

19   as Exhibit "C."

20   Plaintiff served Wells Fargo Bank, N.A. and Wells Fargo & Company with

21   the Complaint and Summons on October 4, 2021.  *See* Notice of Service of Process,

22   attached hereto as Exhibit "L."  However, at the time of filing this Motion, Plaintiff

23   has not filed any proof of service with the Superior Court.  Accordingly, the

24   Superior Court scheduled an Order to Show Cause re Failure to File Proof of

25   Service for December 14, 2021, which is attached hereto as Exhibit "D."  The

26   Superior Court also scheduled a Case Management Conference for January 12,

27   2022, the Notice of which is attached hereto as Exhibit "E."  Exhibits "D" and "E"

28

506007

1  were obtained directly from the Superior Court's website as Plaintiff failed to serve
2  both Wells Fargo Bank, N.A. and Wells Fargo & Company.

3      Wells Fargo Bank, N.A. filed its Answer to Plaintiff's Complaint in the
4  Superior Court, as well as a Peremptory Challenge pursuant to California Code of
5  Civil Procedure section 170.6, on November 1, 2021.  True and correct copies of
6  the Answer and Peremptory Challenge are attached hereto as Exhibit "F" and
7  Exhibit "G," respectively.

8      This Notice of Removal is filed within thirty days from the date upon which
9  Wells Fargo Bank, N.A. and Wells Fargo & Company were served and is within
10  the time for removal provided by law.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P.
11  6(a).

12

13  **II.   JURISDICTION**

14      This is a civil action of which the instant Court has original jurisdiction under
15  28 U.S.C. Section 1332, and is one that may be removed to the instant Court by
16  Wells Fargo Bank, N.A. pursuant to the provisions of 28 U.S.C. Section 1441, in
17  that it is an action in which the amount in controversy exceeds $75,000 and
18  Plaintiff and Wells Fargo Bank, N.A. are citizens of different states.  Wells Fargo
19  Bank, N.A. is not a citizen of California, and no defendant properly joined is a
20  citizen of California.  *See* Section III.C, *infra*.  Plaintiff's naming of Wells Fargo &
21  Company as a defendant does not destroy diversity because that entity is a
22  fraudulently joined, sham defendant and Plaintiff cannot state any employment-
23  based claim against it.

24

25  **III.   DIVERSITY OF CITIZENSHIP**

26      For the reasons discussed below, there is complete diversity between Plaintiff

27

28

506007

7

1    and Wells Fargo Bank, N.A.[1]

2        **A.    Plaintiff Is a Citizen of California.**

3        For diversity purposes, citizenship of an individual is determined by the

4    individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d

5    747, 749-50 (9th Cir. 1986). "A person's domicile is her permanent home, where

6    she resides with the intention to remain or to which she intends to return." *Kanter*

7    *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As the Ninth Circuit

8    observed in *Lew*, determining an individual's domicile involves a number of

9    factors, including current residence, place of employment, voting registration and

10   voting practices, location of personal and real property, location of bank accounts,

11   location of spouse and family, membership in unions and other organizations,

12   driver's license and automobile registration, and payment of taxes. *Lew*, 77 F.2d at

13   750. Furthermore, "a person's old domicile is not lost until a new one is acquired."

14   *Id*.

15       In his Complaint, Plaintiff alleges that he began working for "Defendants" in

16   California in November 2000 through his termination on August 13, 2019. *See* Ex.

17   A, Compl., ¶¶ 11, 15-24. He also alleges that he "***is*** an adult male individual

18   residing in the City of Los Angeles, County of Los Angeles, State of California."

19   *Id*., ¶ 1 (emphasis added). Thus, as of the filing of his Complaint on September 29,

20   2021, over two years after the termination of his employment, Plaintiff continued to

21   reside in California. Given these facts, Plaintiff has demonstrated an intent to

22   remain in the State of California. Accordingly, for diversity purposes, Plaintiff is a

23   citizen of California. *See, e.g., Mondragon v. Capital One Auto Finance*, 776 F.3d

24   880 (9th Cir. 2013) (holding that, in connection with removal to federal court, a

25   person's continuing domicile in a state establishes citizenship "unless rebutted with

26

27   _____

28   [1] The citizenship of fictitious "Doe" defendants is disregarded for removal
     purposes. *See* 28 U.S.C. § 1441(b)(1).

sufficient evidence of change"); *Lew*, 797 F.2d at 751-52 (holding that California was the state of domicile for a party with a California residential address).

**B.    Wells Fargo Bank, N.A. Is a Citizen of South Dakota.**

Wells Fargo Bank, N.A. is a national banking association.  The citizenship of a national banking association is governed by 28 U.S.C. section 1348, which states that national banking associations are "deemed citizens of the States in which they are respectively *located*."  28 U.S.C. § 1348 (emphasis added).

Wells Fargo Bank, N.A.'s main office, according to its articles of association, is in Sioux Falls, South Dakota.  Attached hereto as Exhibit "H" is a true and correct copy of the Articles of Association for Wells Fargo Bank, N.A., as issued by the Office of the Comptroller of the Currency, Administrator of National Banks, reflecting that Wells Fargo Bank, N.A. (at Article II, §1) has its main office in Sioux Falls, South Dakota.[2]

The Ninth Circuit has unequivocally held that Wells Fargo Bank, N.A. is a citizen *only* of South Dakota for diversity purposes.  *Rouse v. Wachovia Mortgage, FSB*,[3] 747 F.3d 707, 709 (9th Cir. 2014) ("under 28 U.S.C. § 1348, a national bank is a citizen *only of the state in which its main office is located*") (emphasis added). In addition, the United States Supreme Court, after a thorough examination of the historical versions of Section 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the state in which its main office, as set forth in its articles of incorporation, is located."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Wells Fargo Bank, N.A.'s citizenship for diversity purposes, therefore, is South Dakota – and *only* South Dakota.  *Rouse*, 747 F.3d at 715 ("Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office

[2] In the contemporaneously-filed Request for Judicial Notice, Wells Fargo Bank, N.A. requests that the Court take judicial notice of Wells Fargo Bank, N.A.'s Articles of Association.  (Request for Judicial Notice ("RJN"), ¶ 5, Ex. E.)

[3] Wachovia Mortgage is now a division of Wells Fargo Bank, N.A.  *Rouse*, 747 F.3d at 709.

506007

is located"); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (Wells Fargo is a citizen of South Dakota for diversity purposes).

Pursuant to this binding authority, Wells Fargo Bank, N.A. is a citizen only of South Dakota.

## C. <u>Wells Fargo & Company Is a Fraudulently Joined, Sham Defendant</u>.

Wells Fargo & Company is a fraudulently joined, sham defendant that cannot defeat diversity despite its California citizenship. *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Normally, an action over which the federal courts have jurisdiction pursuant to 28 U.S.C. section 1332 (diversity) is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). However, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067 (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). When a plaintiff seeks to include a defendant who is allegedly plaintiff's employer *but cannot allege any specific facts* showing that the entity employed the plaintiff, courts have frequently held that such a joinder evidences a plaintiff's intent merely to destroy diversity. *See, e.g.*, *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 923 (N.D. Cal. 2015).

Where fraudulent joinder is at issue, the "defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "To establish fraudulent joinder, the court may look beyond the pleadings and consider affidavits or other evidence to determine if the joinder is a sham." *Ferrigno v. Philips Elecs.*

*N. Am. Corp.*, No. C-09-03085 RMW, 2009 WL 10692955, at *2 (N.D. Cal. Nov. 5, 2009).

### 1.   Plaintiff Alleges No Facts Showing that Wells Fargo & Company Employed Him.

"An employee who seeks to hold a parent corporation liable under FEHA for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has to meet a heavy burden." *Ruiz v. Sysco Corp.*, No. 09-CV-1824-H MDD, 2011 WL 3300098, at *3 (S.D. Cal. July 29, 2011) (citing *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998)). "[T]here is a strong presumption that a parent company is not the employer of its subsidiary's employees." *Ruiz*, 2011 WL 3300098, at *3 (citing *Laird*, 68 Cal. App. 4th at 737). Following this principle, courts reject liability premised on mere corporate parentage, *even where* the corporate parent has *some* "typical" level of control over its subsidiary. *See, e.g.*, *Allen v. Pac. Bell*, 212 F. Supp. 2d 1180, 1200 (C.D. Cal. 2002), *aff'd in part*, 348 F.3d 1113 (9th Cir. 2003) ("SBC's only relation to this case is that it is the parent corporation to Pacific Bell.  SBC had no more control over Pacific Bell than that typically exercised by the parent corporation in a parent/subsidiary corporate relationship.  Accordingly, SBC cannot be held liable under either federal or California discrimination law for the alleged conduct of Pacific Bell.").

Here, Wells Fargo & Company is the publicly traded parent of Wells Fargo Bank, N.A.  As shown by Wells Fargo & Company's United States Securities and Exchange Commission Form 10-K annual report for the fiscal year ending December 31, 2020 (a true and correct copy of which is attached in pertinent part as Exhibit "I"), Wells Fargo Bank, N.A. is one of Wells Fargo & Company's subsidiaries.

506007

1    However, Plaintiff fails to allege *any* corporate connection between Wells

2    Fargo Bank, N.A. and Wells Fargo & Company.  Plaintiff simply identifies Wells

3    Fargo Bank, N.A. and alleges it "was at all material times an employer."  Ex. A,

4    Compl. ¶ 2.  Then he identifies Wells Fargo & Company and alleges it "was at all

5    material times an employer."  *Id*. at ¶ 3.  Other than the vague, boilerplate, and

6    conclusory allegation that Wells Fargo Bank, N.A., Wells Fargo & Company, and

7    DOES 1-50 are somehow "agent[s], joint-venturer[s], and/or alter ego[s]" for each

8    other, Plaintiff alleges no facts to tie Wells Fargo Bank, N.A. and Wells Fargo &

9    Company together, much less facts to show that they constitute a single employer.

10       Furthermore, Plaintiff alleges no facts whatsoever that, even taken as true,

11   would suggest an employment relationship between him and Wells Fargo &

12   Company.  Plaintiff pairs his vague allegation that "[a]t all times mentioned herein,

13   [he] was *an* employee" with the similarly vague claim that Wells Fargo &

14   Company "was at all material times *an* employer."  Ex. A, Compl. ¶¶ 1, 3

15   (emphasis added).  In the remaining 65 paragraphs of the Complaint, Plaintiff does

16   not make any allegation specific to Wells Fargo & Company.  All other references

17   are to the term "Defendants," which Plaintiff loosely defines as Wells Fargo Bank,

18   N.A., Wells Fargo & Company, and DOES 1 through 50.  *Id*. at ¶ 1.  He then

19   attempts to tie these vague allegations together by alleging that "[i]n or about

20   November of 2000, Plaintiff began working for Defendants."  *Id*. at ¶ 11.  There are

21   simply no facts here to establish an employment relationship between Plaintiff and

22   Wells Fargo & Company, the *corporate parent* of Plaintiff's actual employer.[4]

23       Plaintiff's pre-litigation conduct further affirms that only Wells Fargo Bank,

24   N.A. was Plaintiff's employer.  Plaintiff's counsel submitted a demand for

25   _____

26   [4] Plaintiff then confuses jurisdiction with venue and claims that "[t]his Court has
     proper jurisdiction over this action because the alleged wrongful and discriminatory
27   conduct occurred at a place of employment situated in the County of Los Angeles,
     State of California."  Ex. A, Compl. ¶ 8.
28

506007                                          12

1  Plaintiff's personnel file and payroll records on March 2, 2020, to Wells Fargo
2  Bank, N.A., not Wells Fargo & Company.  In that letter, Plaintiff identifies that his
3  "potential employment claims" are against "Wells Fargo Bank, N.A. (and/or any
4  related entities)."  The corresponding March 27, 2020 response was provided by
5  Wells Fargo Bank, N.A., the employer; not Wells Fargo & Company.  Indeed,
6  Plaintiff's wage statements list "Wells Fargo Bank, N.A." as his employer, with a
7  business address in Sioux Falls, South Dakota.  Wells Fargo & Company was not
8  even mentioned in this pre-litigation demand process for employment records.[5]

9       As another district court in this circuit held analyzing the same corporate
10 parentage of Wells Fargo & Company to Wells Fargo Bank, N.A., "[i]t is not
11 sufficient to define 'Wells Fargo' to include the Company in the Complaint and
12 ascribe the actions of the Bank to the whole"—yet that is precisely what Plaintiff is
13 attempting to do here.  See *Campidoglio LLC v. Wells Fargo & Co.*, No. C12-949
14 TSZ, 2012 WL 5844693, at *2 (W.D. Wash. Nov. 19, 2012).

15      In a similar case, the Northern District of California found that the plaintiff
16 employee "alleged *no* specific facts showing that Wells Fargo & Company
17 exercised control over Plaintiff's work activities . . . Rather, he has merely alleged
18 that Wells Fargo & Company owns a significant share of Wells Fargo Bank, N.A.
19 Such allegations are not sufficient to hold Wells Fargo & Company liable as an
20 employer under California law."  *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F.
21 Supp. 3d 911, 923 (N.D. Cal. 2015).  The court concluded that the plaintiff sought
22 to join Wells Fargo & Company primarily in order to destroy diversity.  *Id*.  The
23 same is true here.  Plaintiff failed to allege any facts establishing, or even
24 suggesting, that Wells Fargo & Company was his employer.  Absent an

25

26 [5] On October 21, 2021, counsel for Wells Fargo Bank, N.A. sent a letter to
   Plaintiff's counsel requesting that Wells Fargo & Company be dismissed as only
27 Wells Fargo Bank, N.A. employed Plaintiff.  As of the date of filing this Notice,
28 Plaintiff's counsel has not responded to the letter.

506007

1  employment relationship, all claims fail as against Wells Fargo & Company, as

2  discussed below.

3          **2.      Plaintiff Cannot Assert any of His Six Causes of Action**

4                    **Against Wells Fargo & Company.**

5          Plaintiff's first through fourth and sixth causes of action against Wells Fargo

6  & Company fail because they allege violations of the Fair Employment and

7  Housing Act ("FEHA") and the California Family Rights Act ("CFRA"), which

8  mandate that Plaintiff can only recover from his ***employer***.  *See* Gov. Code

9  §§12940(a) (stating "[i]t is an unlawful *employment* practice . . . [f]or *an employer*"

10  to violate the terms of the statute) (emphasis added), 12945.2(a) (similar

11  definitional language limited to "employer").

12          Plaintiff's fifth cause of action for wrongful termination in violation of public

13  policy is a derivative claim that fails for the same reasons as above: Wells Fargo &

14  Company was not Plaintiff's employer.  *Cenis v. WinCo Holdings, Inc.*, No.

15  117CV00863DADJLT, 2018 WL 2412324 (E.D. Cal. May 29, 2018) (holding that

16  plaintiff's derivative claim for wrongful termination in violation of public policy

17  failed because plaintiff's claims for discrimination and retaliation failed); *Merrick*

18  *v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017) (finding that as a

19  result of the failure of plaintiff's FEHA claim, claims derivative of plaintiff's

20  FEHA claim, including wrongful termination in violation of public policy also

21  failed).  Each cause of action fails as against Wells Fargo & Company, further

22  establishing that Wells Fargo & Company is a fraudulently joined, sham defendant

23  whose citizenship is irrelevant to this Court's diversity jurisdiction inquiry.

24

25  **IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

26          An action may be removed if the defendant establishes that the aggregate

27  amount in controversy exceeds $75,000.  *See Abrego v. Dow Chemical Co.*, 443 F.

28

506007

3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir.1972).  A notice of removal may satisfy this burden through plausible allegations, consistent with Fed. R. Civ. P. 8(a).  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014).  Evidentiary submissions are not required unless and until the defendant's allegations are contested by the plaintiff or questioned by the court.  *Id*. at 554; *Langston v. T-Mobile US, Inc.*, No. LACV1801972JAKASX, 2018 WL 2382464, at *4 (C.D. Cal. 2018) (applying the plausible allegations standard to a single-plaintiff diversity case).  As shown on the face of the Complaint, Plaintiff seeks damages well in excess of the $75,000 threshold.

  A. **<u>Plaintiff's Complaint Pleads Damages in Excess of $75,000.</u>**

    1. **<u>Plaintiff's Alleged Lost Wages Alone Could Exceed the Requisite $75,000 Amount in Controversy</u>**.

  Plaintiff seeks to recover compensatory damages in the form of "loss of salary and other valuable employment benefits" and "lost earnings," among other things.  *See* Ex. A, Compl. ¶ 31a, 38a, 45a, 51a, 57, 66; *see also id*. at 12, Prayer for Relief.  Plaintiff alleges that Wells Fargo Bank, N.A. terminated his employment on August 13, 2019.  *Id*. at 24.  Based on its review of company records, Wells Fargo Bank, N.A. has determined that Plaintiff's hourly wage at the time of his termination was $13.25 per hour (which is $27,560 annually) and he was eligible for incentive compensation.[6]  Over two years and one month have passed between Plaintiff's termination and the filing of Plaintiff's Complaint, meaning that Plaintiff's purported lost wages at the time of filing his Complaint could be over $57,000.  Furthermore, given that this matter will plausibly receive a trial date approximately one year after the filing of this Notice of Removal (November 2, 2022), Plaintiff's alleged lost wages *alone* could exceed the $75,000 amount in

---

[6] In September 2017, less than two years prior to his termination, Plaintiff's hourly wage was $60.58 per hour (over $125,000 annually).

506007

controversy.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (holding that it was appropriate to consider lost future wages in assessing whether the amount in controversy was satisfied on removal).

### 2.   The Alleged General, Special, and Punitive Damages Place the Amount in Controversy in Excess of $75,000.

Plaintiff also seeks general and special (*i.e.,* emotional distress) damages. Ex. A, Compl., ¶¶  31c, 38c, 45b, 51c, 57-59, 66-68; *see also id*., at 12, Prayer for Relief.  Moreover, Plaintiff seeks to recover punitive damages.  *Id.*, ¶¶ 33, 40, 53, 60; *see also id*. at 12, Prayer for Relief.  Both compensatory damages and punitive damages are used to determine whether the jurisdictional minimum has been satisfied.  *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (stating "the potential for large punitive damage awards in employment discrimination cases" satisfies the $75,000 requirement); *Chambers v. Penske Truck Leasing Corp.*, No. 1:11-CV-00381 LJO, 2011 WL 1459155, *4 (E.D. Cal. April 15, 2011) (finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, *4 (E.D. Cal. Oct. 19, 2009) (denying remand in FEHA action as "even a minimum award of punitive damages would satisfy the jurisdictional requirement").

As Plaintiff's lost wages alone already could exceed $75,000, *any* award of punitive and/or emotional distress damages further elevates the amount in controversy above the jurisdictional threshold.

///

///

1
2
3

### 3. **Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000**.

4   Plaintiff further seeks to recover attorneys' fees.  *See* Ex. A, Compl. ¶¶ 32,

5   39, 46, 52; *see also id.* at 12, Prayer for Relief.  When attorneys' fees are

6   recoverable by statute, they are also factored into the amount in controversy.

7   "[T]he amount in controversy is determined by the complaint operative at the time

8   of removal and encompasses ***all relief*** a court may grant on that complaint if the

9   plaintiff is victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15

10  (9th Cir. 2018) (emphasis added).  "The phrases 'all relief' and 'certain classes of

11  damages' encompass all of the plaintiff's future recovery, not lost wages alone.

12  Accordingly, Chavez's reasoning clearly applies to attorneys' fees." *Fritsch v.*

13  *Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018).  Here, should

14  Plaintiff prevail on any of his FEHA or CFRA claims (his first through fourth and

15  sixth causes of action), he will be entitled to recover attorneys' fees.  *See* Cal. Gov.

16  Code § 12965(b); *see also Avila v. P & L Dev., LLC*, No. CV 18-01211 SJO (AS),

17  2018 WL 1870422, at *3 (C.D. Cal. Apr. 18, 2018) (stating that a "conservative"

18  approach estimates fees corresponding to approximately 100 hours spent by counsel

19  on an employment lawsuit and finding that attorneys' fees increased total amount in

20  controversy to over $75,000, establishing diversity jurisdiction); *Navarro v. DHL*

21  *Glob. Forwarding*, No. 215CV05510CASEX, 2018 WL 2328191, at *5 (C.D. Cal.

22  May 21, 2018), *appeal dismissed*, No. 17-56662, 2018 WL 6722404 (9th Cir. Nov.

23  6, 2018) (awarding plaintiff over $600,000 in fees for over 1,000 hours of attorney

24  work in employment discrimination action); *In re Taco Bell Wage & Hour Actions*,

25  222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (collecting numerous authorities finding

26  between $300 and $400 per hour to be reasonable rates in employment litigation for

27  counsel with twenty or more years of experience, between $250 and $300 for

28

506007

1   counsel with less than fifteen years of experience, and between $125 and $200 for

2   counsel with less than two years of experience).

3      Here, assuming *Avila's* "conservative" estimate of 100 counsel hours at a rate

4   of $250 per hour, potential fees in controversy here are, at a minimum, $25,000,

5   which only adds to the amount in controversy.

6   **B.    Jury Verdicts Establish that Plaintiff's Claims Regularly Result in**

7   **Damage Awards in Excess of $75,000**.

8      Plaintiff brings claims for: (i) disability discrimination under the FEHA;

9   (ii) failure to accommodate under the FEHA; (iii) failure to engage in the

10  interactive process under the FEHA; (iv) failure to prevent discrimination under the

11  FEHA; (v) wrongful termination in violation of public policy; and (vi) violation of

12  the CFRA.  *See generally*, Ex. A, Compl.  When successful, employment claims,

13  such as the claims Plaintiff asserts, frequently result in jury verdicts in excess of

14  $75,000 (exclusive of attorneys' fees).  To establish the amount in controversy,

15  which can include both compensatory and punitive damages, a removing defendant

16  "may introduce evidence of jury verdicts in cases involving analogous facts."

17  *Simmons,* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from

18  various jury verdict reporters to establish the amount in controversy).  The

19  following jury verdicts are illustrative:

20  • *Edwards v. J.K. Residential Services Inc.*, Superior Court, Los Angeles

21     County, Case No BC500655 (December 6, 2016):  the jury awarded over

22     $100,000 in lost earnings and benefits and emotional distress to a plaintiff

23     who took pregnancy leave under the CFRA and was terminated shortly after

24     returning from leave.  *See* RJN ¶ 1, Ex. A.

25  • *Preciado v. Alfaqir Inc, et al.*, Superior Court, San Bernardino County, Case

26     No. CIVRS-13-07108 (October 19, 2016): the jury awarded over $350,000 in

27     economic and noneconomic damages to a plaintiff who took leave under the

28

506007

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

CFRA to care for his wife and was terminated after returning from leave. *See* RJN ¶ 2, Ex. B.

- *Chavarria v. Management & Training Corp.*, U.S. District Court (S.D. Cal.), Case No. 3:16-cv-617 (February 1, 2018): the jury awarded $250,000 to a plaintiff who suffered a workplace injury and who was terminated after taking medical leave. *See* RJN ¶ 3, Ex. C.

- *O'Connor v. UHS-Corona Inc.*, Superior Court, Riverside County, Case No. RIC516507 (January 20, 2011): the jury awarded $1,630,334 to a plaintiff who received an adverse performance review and whose employment was terminated after returning from medical leave. *See* RJN ¶ 4, Ex. D.

Although not identical in every respect, the foregoing cases contain enough similarities (*i.e.*, allegedly wrongful termination following CFRA or similar medical leave) to establish that the jurisdictional minimum has been met. *See Simmons,* 209 F. Supp. 2d at 1035 (stating that the "fact that the cited cases involve distinguishable facts is not dispositive" and that the cited cases "amply demonstrate the potential for large punitive [and emotional distress] damage awards").

Accordingly, for all the reasons discussed above, the amount in controversy significantly exceeds $75,000.

## V.   PROCESS, PLEADINGS AND ORDERS

- Attached hereto as Exhibit "A" is a true and correct file-stamped copy of the Complaint and Civil Case Cover Sheet Plaintiff filed with the Superior Court on September 29, 2021.
- Attached hereto as Exhibit "B" is a true and correct copy of the Summons on Wells Fargo Bank, N.A. and Wells Fargo & Company Plaintiff filed with the Superior Court on September 29, 2021.
- Attached hereto as Exhibit "C" is a true and correct copy of the

1    Superior Court's Notice of Case Assignment, filed on September 29,
2    2021.

3    •    Attached hereto as Exhibit "D" is a true and correct copy of the
4    Superior Court's September 30, 2021 Order to Show Cause re Failure
5    to File Proof of Service, scheduled for December 14, 2021, which
6    Wells Fargo Bank, N.A. obtained from the Superior Court's website.

7    •    Attached hereto as Exhibit "E" is a true and correct copy of the
8    Superior Court's September 30, 2021 Notice of Case Management
9    Conference, scheduled for January 12, 2022, which Wells Fargo Bank,
10   N.A. obtained from the Superior Court's website.

11   •    Attached hereto as Exhibit "F" is a true and correct copy of Wells
12   Fargo Bank, N.A.'s Answer to Plaintiff's Complaint, filed with the
13   Superior Court on November 1, 2021.

14   •    Attached hereto as Exhibit "G" is a true and correct copy of Wells
15   Fargo Bank, N.A.'s Peremptory Challenge pursuant to California Code
16   of Civil Procedure section 170.6, filed with the Superior Court on
17   November 1, 2021.

18   •    Attached hereto as Exhibit "L" is a true and correct copy of the Notice
19   of Service of Process Wells Fargo Bank, N.A. and Wells Fargo &
20   Company received, showing that Plaintiff served those entities with
21   the Complaint and Summons on October 4, 2021.

22   Wells Fargo Bank, N.A. is informed and believed that Exhibits "A" through
23   "G" and "L" constitute all the process, pleadings, and/or orders served upon it
24   and/or filed in the Superior Court action.

25   On this day, or no later than the next business day, notice of this removal is
26   being given to both Plaintiff and to the Clerk of the Superior Court.  True and
27   correct copies of these notices are attached hereto as Exhibits "J" and "K,"

28

506007

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

respectively. The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

DATED: November 2, 2021          KADING BRIGGS LLP
                                 GLENN L. BRIGGS
                                 THERESA A. KADING
                                 ELIZABETH A. HAN


                                 By: _____
                                       THERESA A. KADING

                                 Attorneys for Defendants
                                 WELLS FARGO BANK, N.A. and WELLS
                                 FARGO & COMPANY

21

EXHIBIT "A"

# EXHIBIT "A"

21STCV35947

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Stern

Electronically FILED by Superior Court of California, County of Los Angeles on 09/29/2021 07:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**C&B LAW GROUP LLP**
Jack Bazerkanian, SBN 299031
James Shin, SBN 299101
Tiffany Ariavand SBN 331136
Frederick Stoker SBN 326566
2315 W Burbank Blvd.
Burbank, CA 91506
Telephone: (213) 986-3430
Facsimile: (213) 986-9860

Attorneys for Plaintiff
Armando Mejia

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ARMANDO MEJIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N. A., a federally chartered bank; WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:   21STCV35947<br>*Assigned for all purposes to:*<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Disability Discrimination in Violation of Gov. Code § 12940(a)<br><br>2. Failure to Accommodate Disability in Violation of Gov. Code § 12940(m)<br><br>3. Failure to Engage in an Interactive Process in Violation of Gov. Code § 12940(n)<br><br>4. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br><br>5. Wrongful Termination in Violation of Public Policy<br><br>6. Violation of California Family Rights Act<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Armando Mejia brings this action against Defendants Walls Fargo Bank, N.A., Wells Fargo & Company, and Does 1 through 50, inclusive ("Defendants"), and alleges as follows:

///

- 1 -
**COMPLAINT FOR DAMAGES**

**THE PARTIES**

1.      Plaintiff, Armando Mejia, is an adult male individual residing in the City of Los Angeles, County of Los Angeles, State of California.  At all times mentioned herein, Plaintiff was an employee within the meaning of California Government Code §§ 12940 et seq., which obligates employers to provide a work environment free from disability discrimination and retaliation, and to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

2.      Defendant Wells Fargo Bank, N.A. ("WFB") was and is a federally chartered bank licensed to do business and conducting business in the State of California, with its principal executive office located at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. Defendant WFB was at all material times an employer within the meaning of California Government Code §§ 12926(d) and 12940(j)(4)(A) and, as such, is barred from discriminating in employment, as set forth in Government Code § 12940, et seq.

3.      Defendant Wells Fargo & Company ("WFC") was and is a Delaware corporation licensed to do business and conducting business in the State of California, with its principal executive office located at 420 Montgomery Street, San Francisco, California 94104. Defendant WFC was at all material times an employer within the meaning of California Government Code §§ 12926(d) and 12940(j)(4)(A) and, as such, is barred from discriminating in employment, as set forth in Government Code § 12940, et seq.

4.      The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as Does 1 through 50, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50 when their names are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of the Doe Defendants is in some manner liable to Plaintiff for the events and actions alleged herein.  All named Defendants, and Does 1 through 50, will be collectively referred to as "Defendants."

5.      Plaintiff is informed and believes, and based thereon alleges, that at all times, each Defendant was acting as an agent, joint-venturer, and/or alter ego for each of the other Defendants

1 and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein so

2 that each is responsible for the acts of the other in connection with the conspiracy in such wrongful

3 acts in connection with the other Defendants.

4       6.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

5 was acting partly within and partly without the scope and course of their employment, and was

6 acting with the knowledge, permission, consent, and ratification of every other Defendant.

7 **JURISDICTION AND VENUE**

8       7.    Pursuant to the California Government Code §12965(b), an action under the Fair

9 Employment and Housing Act may be brought in any county in the state in which the unlawful

10 practice is alleged to have been committed, in the county where relevant records are maintained, or

11 in the county where the aggrieved person would have worked.

12       8.    This Court has proper jurisdiction over this action because the alleged wrongful and

13 discriminatory conduct occurred at a place of employment situated in the County of Los Angeles,

14 State of California.

15 **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16       9.    Plaintiff has met all of the jurisdictional requirements for proceeding with his claims

17 under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code,

18 Section 12960, et seq., by timely filing administrative complaints with the Department of Fair

19 Employment and Housing ("DFEH") and receiving a Notice of Case Closure and a Right to Sue

20 letter.  This action is filed within one year of the date of that Right to Sue letter.  Accordingly,

21 Plaintiff has fully exhausted his administrative remedies.

22 **ALLEGATIONS COMMON TO MORE THAN ONE CAUSE OF ACTION**

23       10.    Plaintiff re-alleges and incorporates by reference each and every allegation in the

24 preceding paragraphs as though fully set forth herein.

25       11.    In or about November of 2000, Plaintiff began working for Defendants.

26       12.    Throughout his employment with Defendants, Plaintiff performed his duties

27 satisfactorily.

28       13.    At all times relevant hereto, the California Family Rights Act ("CFRA") codified at

- 3 -

**COMPLAINT FOR DAMAGES**

1   Government Code §§ 12945 et seq. was in full force and effect.

2       14.    Under CFRA, any employee with not less than 1,250 hours of service with an

3   employer over the 12-month period preceding a given date or who has been an employee of an

4   employer for more than 12 months is entitled to a total of 12 weeks for family care and medical

5   leave.

6       15.    On or about October 12, 2018, Plaintiff was approved for and went on medical leave

7   due to emotional distress, mental anguish, and other psychological conditions and injuries he was

8   experiencing.

9       16.    During Plaintiff's medical leave, Plaintiff treated with medical providers including a

10   psychiatrist.

11       17.    After being on medical leave for approximately two months, Plaintiff still had not

12   sufficiently recovered from his disability and in turn requested his leave be changed to an unpaid

13   personal leave with a return to work date of August 13, 2019.

14       18.    Plaintiff's requests to change the classification of his leave and for a return date of

15   August 13, 2019, were granted.

16       19.    Defendants incorrectly categorized Plaintiff's unpaid leave taken as of December of

17   2018 as unapproved.  Defendants knew of the misclassification of Plaintiff's leave since as early as

18   March 11, 2019.

19       20.    On or about July 25, 2019, Plaintiff received an email from Defendants advising

20   him that his previously approved leave was being considered unapproved as of March 11, 2019.

21       21.    Defendants failed to maintain accurate records relating to leave requests of

22   employees, including but not limited to those of Plaintiff.

23       22.    After receiving the email referenced above, Plaintiff made numerous attempts to

24   contact Defendants' Leave Operations department to no avail.

25       23.    Defendants willfully and maliciously ignored Plaintiff's attempts to contact them

26   relating to his leave and anticipated return to work.

27       24.    On or about August 13, 2019, Plaintiff was able to reach Defendants' Leave

28   Operations department at which point Plaintiff was informed that his employment with Defendants

- 4 -

**COMPLAINT FOR DAMAGES**

1 | had been terminated.

2 | **FIRST CAUSE OF ACTION**

3 | **(Disability Discrimination in Violation of Gov. Code § 12940(a))**

4 | (Against All Defendants)

5 |      25.    Plaintiff re-alleges and incorporates by reference each and every allegation in this

6 | complaint as though fully set forth herein.

7 |      26.    At all times mentioned herein, the California Fair Employment and Housing Act

8 | (Gov. Code § 12900, et seq.) and its implementing regulations were in full force and effect and

9 | binding on the Defendants.  Government Code § 12940(a) prohibits an employer from

10 | discriminating against employees because of the employee's physical disability.

11 |      27.    Pursuant to Government Code §§ 12926 and 12926.1, Plaintiff has a physical

12 | disability, a record of physical disability and/or was perceived as or treated as having a physical

13 | disability by Defendants.  Plaintiff is informed and believes and based thereon alleges that because

14 | of his work related injury, Defendants perceived him to be disabled and as a result terminated his

15 | employment.

16 |      28.    Plaintiff was able to perform the essential functions of his position with reasonable

17 | accommodations for his disability.

18 |      29.    During Plaintiff's employment, Defendants, through their supervisors, human

19 | resources personnel and agents, engaged in actions intentionally that resulted in Plaintiff being

20 | treated less favorably because of his disability.

21 |      30.    Plaintiff's physical disability was a substantial motivating factor in Defendants'

22 | decision to terminate him.

23 |      31.    As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has

24 | sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the

25 | exact amount to be proven at trial.  Such damages include, but are not limited to:

26 |              a)    Loss of salary and other valuable employment benefits;

27 |              b)    Prejudgment interest and interest on the sum of damages at the legal rate;

28 |                  and

1           c)      Other consequential damages, including damages for shame, humiliation,

2                mental anguish and emotional distress caused by the conduct of Defendants.

3      32.     As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

4 compelled to retain legal counsel and is entitled to reasonable attorneys' fees and costs of suit,

5 pursuant to Government Code § 12965(b).

6      33.     The wrongful acts against Plaintiff were carried out, authorized or ratified by

7 Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or

8 deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff and with

9 the intent to deprive Plaintiff of his employment rights.  The conduct of Defendants was also

10 malicious and oppressive in that Plaintiff was terminated in violation of Government Code §12940,

11 et seq.  On that basis, Plaintiff seeks punitive and exemplary damages against Defendants as a

12 means of punishing Defendants and by way of example to deter such behavior in the future as

13 being contrary to sound public policy.

14                     **SECOND CAUSE OF ACTION**

15     **(Failure to Accommodate Disability in Violation of Gov. Code § 12940(m))**

16                    (Against All Defendants)

17      34.     Plaintiff re-alleges and incorporates by reference each and every allegation in this

18 complaint as though fully set forth herein.

19      35.     At all times mentioned herein, the California Fair Employment and Housing Act

20 (Gov. Code § 12900, et seq.) and its implementing regulations were in full force and effect and

21 binding on the Defendants.  These statutes required Defendants to provide reasonable

22 accommodations that will allow an employee suffering from physical disability to perform the

23 essential functions of his or her job.  Pursuant to Government Code § 12940(m), it is unlawful for

24 an employer to fail to provide reasonable accommodation to an employee with a disability.

25      36.     After sustaining work related injuries, Plaintiff had a qualified physical disability,

26 which was known to Defendants.  Plaintiff alleges that despite his injury, he could have performed

27 the essential functions of his job.  Plaintiff alleges that he asked Defendant for reasonable

28 accommodation of his physical disability.  However, Defendants never reasonably accommodated

1   his physical disability or possible restrictions.

2         37.    Plaintiff believes and thereon alleges that his request for a reasonable

3 accommodation of his physical disability was a motivating and substantial factor in Defendant's

4 discrimination against him and termination of his employment.

5         38.    As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has

6 sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the

7 exact amount to be proven at trial.  Such damages include, but are not limited to:

8         a)    Loss of salary and other valuable employment benefits;

9         b)    Prejudgment interest and interest on the sum of damages at the legal rate;

10            and

11         c)    Other consequential damages, including damages for shame, humiliation,

12            mental anguish and emotional distress caused by the conduct of Defendants.

13         39.    As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

14 compelled to retain legal counsel and is entitled to reasonable attorneys' fees and costs of suit,

15 pursuant to Government Code § 12965(b).

16         40.    The wrongful acts against Plaintiff were carried out, authorized or ratified by

17 Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or

18 deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff and with

19 the intent to deprive Plaintiff of his employment rights.  The conduct of Defendants was also

20 malicious and oppressive in that Plaintiff was terminated in violation of Government Code §12940,

21 et seq.  On that basis, Plaintiff seeks punitive and exemplary damages against Defendants as a

22 means of punishing Defendants and by way of example to deter such behavior in the future as

23 being contrary to sound public policy.

24                       **THIRD CAUSE OF ACTION**

25      **(Failure to Engage in an Interactive Process in Violation of Gov. Code § 12940(n))**

26                   (Against All Defendants)

27         41.    Plaintiff re-alleges and incorporates by reference each and every allegation in this

28 complaint as though fully set forth herein.

**COMPLAINT FOR DAMAGES**

42.     At all times mentioned herein, the California Fair Employment and Housing Act (Gov. Code § 12900, et seq.) and its implementing regulations were in full force and effect and binding on the Defendants.  Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability.

43.     Pursuant to Government Code §§ 12926 and 12926.1, Plaintiff has a physical disability, a record of physical disability and/or was perceived as or treated as having a physical disability by Defendants.

44.     Although Plaintiff provided notice pertaining to his physical disability, Defendants failed to engage in a good-faith interactive process with Plaintiff or provide him with insurance information to enable him to seek medical care.  Defendants gave no reasons for their failure to accommodate Plaintiff and refused to discuss any alternatives concerning Plaintiff's request for accommodation, the extent of the necessary accommodation, and the need for future accommodation, as well as other important areas of inquiry.  Plaintiff was willing to participate in the interactive process to determine whether reasonable accommodations could be made so that he would be able to perform the essential job requirements.  Defendants' obligation to engage in the interactive process of accommodation was not excused or waived by Plaintiff.  Defendants' conduct violated Government Code §12940(n).

45.     As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.  Such damages include, but are not limited to:

        a)      Loss of salary and other valuable employment benefits;

        a)      Prejudgment interest and interest on the sum of damages at the legal rate; and

        b)      Other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

46.     As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

- 8 -

**COMPLAINT FOR DAMAGES**

1 | compelled to retain legal counsel and is entitled to reasonable attorneys' fees and costs of suit,

2 | pursuant to Government Code § 12965(b).

3 | **FOURTH CAUSE OF ACTION**

4 | **(Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k))**

5 | (Against All Defendants)

6 | 47.     Plaintiff re-alleges and incorporates by reference each and every allegation in this

7 | complaint as though fully set forth herein.

8 | 48.     At all times mentioned herein, the California Fair Employment and Housing Act

9 | (Gov. Code § 12900 et seq.) and its implementing regulations were in full force and effect and

10 | binding on the Defendants.  Pursuant to Government Code § 12940(k), it is unlawful for an

11 | employer to fail to prevent discrimination or retaliation from existing in the workplace.  An

12 | employer has an affirmative duty to maintain a working environment free of discrimination and

13 | every individual is entitled to work in a discrimination-free environment and an employer's failure

14 | or refusal to provide this, in and of itself, is the denial of the "terms, conditions, privileges of

15 | employment" and is a violation of the law.

16 | 49.     In engaging in the conduct described above, the Defendants failed to engage in any

17 | reasonable steps to prevent discrimination against Plaintiff.

18 | 50.     Plaintiff is informed and believes and thereon alleges that the Defendant does not

19 | have appropriate policies, procedures, practices, guidelines, rules, and/or trainings regarding the

20 | prevention of discrimination in the workplace, and in particular, prevention of discrimination based

21 | upon disability.

22 | 51.     As a direct and proximate result of Defendants' discrimination, Plaintiff has

23 | sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the

24 | exact amount to be proven at trial.  Such damages include, but are not limited to:

25 | a)     Loss of salary and other valuable employment benefits;

26 | b)     Prejudgment interest and interest on the sum of damages at the legal rate;

27 | and

28 | c)     Other consequential damages, including damages for shame, humiliation,

- 9 -
**COMPLAINT FOR DAMAGES**

1                     mental anguish and emotional distress caused by the conduct of Defendants.

2         52.    As a further proximate cause of Defendants' unlawful conduct, Plaintiff has been

3   compelled to retain legal counsel and is entitled to reasonable attorneys' fees and costs of suit,

4   pursuant to Government Code § 12965(b).

5         53.    The wrongful acts against Plaintiff were carried out, authorized or ratified by

6   Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or

7   deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff and with

8   the intent to deprive Plaintiff of his employment rights.  The conduct of Defendants was also

9   malicious and oppressive in that Plaintiff was terminated in violation of Government Code §12940,

10   et seq.  On that basis, Plaintiff seeks punitive and exemplary damages against Defendants as a

11   means of punishing Defendants and by way of example to deter such behavior in the future as

12   being contrary to sound public policy.

13   **FIFTH CAUSE OF ACTION**

14   **(Wrongful Termination in Violation of Public Policy)**

15   (Against All Defendants)

16         54.    Plaintiff re-alleges and incorporates by reference each and every allegation in this

17   complaint as though fully set forth herein.

18         55.    The above-described conduct by Defendants, and each of them, was against

19   fundamental public policies of the State of California as evidenced by the enactment of the Fair

20   Employment and Housing Act ("FEHA", Gov. Code § 12900, et seq.) ("In enacting the FEHA, the

21   Legislature declared that it is a civil right to seek, obtain, and hold employment without

22   discrimination, and that it is the public policy of this state to protect and safeguard such rights and

23   opportunities.")

24         56.    In terminating Plaintiff's employment and/or failing to provide a reasonable

25   accommodation, and retaliating against Plaintiff because he exercised his rights under the FEHA,

26   Defendants, and each of them, violated the Fair Employment and Housing Act.

27         57.    As a direct and proximate result of the acts of Defendants, and each of them, as

28   alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other

**COMPLAINT FOR DAMAGES**

1   economic damages, and has necessarily expended sums in the treatment of physical and mental

2   injuries, in an amount to be ascertained at the time of trial.

3         58.    As a direct and proximate results of Defendants' conduct, and each of them, as

4   alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of

5   the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants'

6   acts in an amount to be ascertained at the time of trial.

7         59.    As a direct and proximate result of Defendants' conduct, as alleged above, Plaintiff

8   has suffered humiliation, mental and physical distress, anxiety and nervousness and has been

9   generally damaged in an amount to be ascertained at the time of trial.

10        60.    The conduct of Defendants, through their agents, as described herein was malicious,

11  fraudulent, and oppressive and/or done with knowledge that they were acting in violation of federal

12  and state law, and/or with a willful and conscious disregard for Plaintiff's rights and for the

13  deleterious consequences of their actions.  Consequently, Plaintiff is entitled to punitive damages.

14                           **SIXTH CAUSE OF ACTION**

15                   **(Violation of California Family Rights Act)**

16                          (Against All Defendants)

17        61.    Plaintiff re-alleges and incorporates by reference each and every allegation in this

18  complaint as though fully set forth herein.

19        62.    At all times mentioned herein, the California Family Rights Act ("CFRA") (Gov.

20  Code § 12945, et seq.) and its implementing regulations were in full force and effect and binding

21  on the Defendants. Government Code §12945.2 makes it an unlawful employment practice for an

22  employer to refuse to grant a request by any employee with more than 12 months of service with

23  the employer, and who has at least 1,250 hours of service with the employer during the previous

24  12-month period to take up to a total of 12 workweeks in any 12-month period for family care and

25  medical leave. Family care and medical leave requested pursuant to this subdivision shall not be

26  deemed to have been granted unless the employer provides the employee, upon granting the leave

27  request, a guarantee of employment in the same or a comparable position upon the termination of

28  the leave.

**COMPLAINT FOR DAMAGES**

1    63.    Plaintiff was eligible for family care and medical leave under CFRA for up to a total

2   of 12 workweeks based on his tenure with Defendants.

3    64.    Plaintiff provided reasonable notice to Defendants of his need and subsequent

4   request for leave under CFRA.

5    65.    Defendants failed to return Plaintiff to the same or a comparable position at the

6   conclusion of his leave taken pursuant to CFRA.

7    66.    As a direct and proximate result of the acts of Defendants, and each of them, as

8   alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other

9   economic damages, and has necessarily expended sums in the treatment of physical and mental

10  injuries, in an amount to be ascertained at the time of trial.

11   67.    As a direct and proximate results of Defendants' conduct, and each of them, as

12  alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of

13  the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants'

14  acts in an amount to be ascertained at the time of trial.

15   68.    As a direct and proximate result of Defendants' conduct, as alleged above, Plaintiff

16  has suffered humiliation, mental and physical distress, anxiety and nervousness and has been

17  generally damaged in an amount to be ascertained at the time of trial.

18                                   **PRAYER FOR RELIEF**

19      **WHEREFORE,** Plaintiff prays for judgment against Defendants and Does 1 through 50,

20  inclusive, as follows:

21   1.    For all actual, consequential and incidental financial losses, including but not

22  limited to loss of earnings, employment benefits, and employment opportunities according to

23  proof;

24   2.    For compensatory and general damages according to proof;

25   3.    For exemplary and punitive damages;

26   4.    For statutory attorney's fees and costs;

27   5.    For costs of suit;

28   6.    For pre-judgment and post-judgment interest, at the legal rate; and

- 12 -

**COMPLAINT FOR DAMAGES**

7.     For such other and further relief as the Court deems just and proper.

Dated: September 29, 2021                              **C&B LAW GROUP LLP**

                                                    By: _____
                                                            Jack Bazerkanian, Esq.
                                                            Attorneys for Plaintiff
                                                            Armando Mejia

- 13 -

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a trial by jury.

3

4

5   Dated: September 29, 2021                          **C&B LAW GROUP LLP**

6

7                                          By: _____

8                                                Jack Bazerkanian, Esq.
                                                Attorneys for Plaintiff
9                                                Armando Mejia

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

**COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 09/29/2021 01:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jack Bazerkanian, SBN 299031<br>C&B LAW GROUP LLP<br>2315 W Burbank Blvd.<br>Burbank, CA 91506 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: (213) 986-3430     FAX NO.: (213) 986-9860
ATTORNEY FOR *(Name):* Plaintiff Armando Mejia

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk

CASE NAME:
Mejia v. Wells Fargo Bank, N.A., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21STCV35947<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary b.[ ] nonmonetary; declaratory or injunctive relief c.[✓] punitive
4. Number of causes of action *(specify):* Six (6): FEHA & CFRA Violations, and Wrongful Termination
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 29, 2021
Jack Bazerkanian
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Mejia v. Wells Fargo, N.A., et al. | CASE NUMBER 21STCV35947 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Mejia v. Wells Fargo, N.A., et al. | CASE NUMBER | |
|---|---|---|

| | A Civil Case Cover Sheet Category No | B Type of Action (Check only one) | C Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Mejia v. Wells Fargo, N.A., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Mejia v. Wells Fargo, N.A., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 80 S. Lake Avenue |
|---|---|
| CITY: Pasadena | STATE: CA | ZIP CODE: 91101 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: September 29, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

EXHIBIT "B"

# EXHIBIT "B"

21STCV35947

Electronically FILED by Superior Court of California, County of Los Angeles on 09/29/2021 07:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A., a federally chartered bank; Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARMANDO MEJIA, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

CASE NUMBER:
*(Número del Caso):* 21STCV35947

111 N. Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack Bazerkanian, 2315 W Burbank Blvd., Burbank CA 91506, (213)986-3430

| DATE: *(Fecha)* 09/29/2021 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court H. Flores-Hernandez *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Wells Fargo Bank, N.A.

under: [X] CCP 416.10 (corporation)          [  ] CCP 416.60 (minor)
       [  ] CCP 416.20 (defunct corporation)  [  ] CCP 416.70 (conservatee)
       [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
       [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Mejia v. Wells Fargo Bank, N.A., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

21STCV35947

Electronically FILED by Superior Court of California, County of Los Angeles on 09/29/2021 07:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk **SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A., a federally chartered bank; Additional
Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARMANDO MEJIA, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTICE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | *(Número del Caso):* |
| 111 N. Hill St. | 21STCV35947 |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jack Bazerkanian, 2315 W Burbank Blvd., Burbank CA 91506, (213)986-3430

| DATE: | 09/29/2021 | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | H. Flores-Hernandez | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wells Fargo & Company, a Delaware corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

SUM-200(A)

| SHORT TITLE:<br>Mejia v. Wells Fargo Bank, N.A., et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT "C"

# EXHIBIT "C"

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/29/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: __H. Flores-Hernandez__ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV35947 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Michael L. Stern | 62 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/30/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez _____, Deputy Clerk

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT "D"

# EXHIBIT "D"

| | Reserved for Clerk's File Stamp |
|---|---|
| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF LOS ANGELES | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/30/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ P. Figueroa _____ Deputy |

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Armando Mejia

DEFENDANT(S):

Wells Fargo Bank, N.A. et al

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>21STCV35947 |
|---|---|

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>12/14/2021</u> at <u>10:15 AM</u> in department <u>62</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>09/30/2021</u>

_____
Michael L. Stern / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/30/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ P. Figueroa _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Armando Mejia

DEFENDANT/RESPONDENT:
Wells Fargo Bank, N.A. et al

## CERTIFICATE OF MAILING

CASE NUMBER:
21STCV35947

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

H. Jack Bazerkanian
C&B Law Group LLP
2315 W. Burbank Blvd.
Burbank, CA  91506

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>09/30/2021</u>

By:  P. Figueroa _____
        Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT "E"

# EXHIBIT "E"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Armando Mejia

DEFENDANT:
Wells Fargo Bank, N.A. et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/30/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: ___P. Figueroa___ Deputy

CASE NUMBER:
21STCV35947

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 01/12/2022 | Time: 9:45 AM | Dept.: 62 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  09/30/2021

_____
Michael L. Stern / Judge
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

[✓] by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing of the complaint.

H. Jack Bazerkanian
2315 W. Burbank Blvd.
Burbank, CA 91506

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  09/30/2021

By  P. Figueroa
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

EXHIBIT "F"

# EXHIBIT "F"

Electronically FILED by Superior Court of California, County of Los Angeles on 11/01/2021 02:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1  GLENN L. BRIGGS (SBN 174497)
   Email: gbriggs@kadingbriggs.com
2  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
3  ELIZABETH A. HAN (SBN 274578)
   Email: ehan@kadingbriggs.com
4  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
5  Irvine, California 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendants
   WELLS FARGO BANK, N.A. and
8  WELLS FARGO & COMPANY

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11

12  ARMANDO MEJIA, an individual,        CASE NO. 21STCV35947

13              Plaintiff,               Assigned for all purposes to Hon. Michael L.
                                         Stern in Dept. 62
14       vs.
                                         **ANSWER OF DEFENDANT WELLS**
15  WELLS FARGO BANK, N.A., a            **FARGO BANK, N.A. TO PLAINTIFF**
    federally chartered bank; WELLS      **ARMANDO MEJIA'S COMPLAINT**
16  FARGO & COMPANY, a Delaware
    corporation; and DOES 1 through 50,  Complaint Filed:        September 29, 2021
17  inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

507643

                              1

1      Defendant Wells Fargo Bank, N.A. (hereinafter, "Defendant"), for itself and for no

2  other defendant, answers the Complaint ("Complaint") of plaintiff Armando Mejia

3  ("Plaintiff") as follows:

4

5                            **GENERAL DENIAL**

6      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

7  denies, generally and specifically, each and every allegation in the Complaint.  Defendant

8  further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or

9  that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

10  omission on the part of Defendant, or any of its past or present agents, representatives, or

11  employees, acting in the course and scope of their employment.

12

13                        **AFFIRMATIVE DEFENSES**

14

15                 FIRST AFFIRMATIVE DEFENSE

16      1.     The Complaint, and each and every purported cause of action contained

17  therein, fails to state facts sufficient to constitute any claim upon which relief may be

18  granted against Defendant.

19

20                SECOND AFFIRMATIVE DEFENSE

21      2.     The Complaint, and each and every purported cause of action contained

22  therein, is barred, in whole or in part, by the applicable statute of limitations, including,

23  but not limited to, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340,

24  and 343, and California Government Code Sections 12960 and 12965.

25

26  ///

27  ///

28

507643

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

THIRD AFFIRMATIVE DEFENSE

3.      The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff has failed to mitigate his damages, if any, and therefore any damages awarded to him must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

FIFTH AFFIRMATIVE DEFENSE

5.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint, and each and every purported cause of action contained therein, is barred to the extent Plaintiff consented to any alleged activity or conduct.

SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff is barred, in part or total, from the recovery of any damages based upon the doctrine of after-acquired evidence.

///

///

507643

3

NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff is barred, in part or total, from the recovery of any damages pursuant to the doctrine of avoidable consequences.

TENTH AFFIRMATIVE DEFENSE

10.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because the exclusive remedy for the damages alleged by Plaintiff is provided by the California Workers' Compensation Act, California Labor Code Section 3200, *et seq*.  Defendant is also entitled to set-off any recovery Plaintiff may receive from any Workers' Compensation action.

ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff is not entitled to recover punitive or exemplary damages against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a reckless indifference towards the rights or safety of others, and (c) an award of punitive or exemplary damages under the circumstances alleged would violate the due process clauses of the United States and California Constitutions.

TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's causes of action arising under the Fair Employment and Housing Act (the "FEHA") are barred because Plaintiff did not timely exhaust the administrative

4

507643

1    remedies as required and/or otherwise failed to comply with all the statutory prerequisites

2    to bring suit pursuant to the FEHA.  Cal. Gov't Code §§ 12900 *et seq.*

3

4                       THIRTEENTH AFFIRMATIVE DEFENSE

5          13.    Plaintiff's purported causes of action for discrimination are barred in whole,

6    or in part, because Defendant took reasonable steps to prevent and correct workplace

7    discrimination; Plaintiff unreasonably failed to use the preventative and corrective

8    measures that Defendant provided him; and reasonable use of Defendant's procedures

9    would have prevented at least some of the harm that Plaintiff suffered, if any.

10

11                      FOURTEENTH AFFIRMATIVE DEFENSE

12         14.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is not

13   entitled to any greater rights than he would have had if he had been employed throughout

14   a leave of absence.  2 Cal. Code. Reg. 7297.2(c).  Plaintiff would not otherwise have been

15   employed in his same position for legitimate business reasons unrelated to his leave of

16   absence and/or request for leave of absence.

17

18                       FIFTEENTH AFFIRMATIVE DEFENSE

19         15.    The Complaint, and each and every purported cause of action contained

20   therein, is barred, in whole or in part, because Defendant had an honest, good faith belief

21   that all decisions with respect to Plaintiff's employment were made solely for legitimate,

22   business-related reasons and were reasonably based upon the facts as Defendant

23   understood them.

24

25                       SIXTEENTH AFFIRMATIVE DEFENSE

26         16.    Defendant cannot be liable for any alleged injury, as any allegedly unlawful

27   conduct was outside the course and scope of employment of the employee(s) involved.

28

507643

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Defendant did not authorize, direct, or participate in any alleged discriminatory and/or wrongful conduct.

EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant denies that it discriminated against Plaintiff or wrongfully terminated Plaintiff's employment.  However, if Plaintiff proves Defendant's acts were discriminatory or that Defendant wrongfully terminated Plaintiff's employment, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged discriminatory or otherwise improper grounds.

NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination and made good faith efforts to implement and enforce that policy.

TWENTIETH AFFIRMATIVE DEFENSE

20.     The Complaint, and each and every purported cause of action contained therein, is barred because Defendant did not have a legal duty to engage in an interactive process with Plaintiff in order to accommodate his alleged disability.

TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The Complaint, and each and every purported cause of action contained therein, is barred because Defendant did not have a legal duty to provide accommodations for Plaintiff's alleged disability because any such accommodation would have been unreasonable.

507643

TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     The Complaint, and each and every purported cause of action contained therein, fails to state a cause of action because any accommodation of Plaintiff's alleged disabilities would have resulted in an undue hardship.

TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims, or some of them, are "frivolous" pursuant to California Code of Civil Procedure § 128.6 and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's purported causes of action under the FEHA fail, in whole or in part, because Plaintiff was not a qualified individual.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by way of the Complaint;

507643

7

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Defendant be awarded its costs of suit, including attorneys' fees, incurred herein; and

4.    For such other and further relief as the Court deems just and proper.

DATED: November 1, 2021              KADING BRIGGS LLP
                                     GLENN L. BRIGGS
                                     THERESA A. KADING
                                     ELIZABETH A. HAN


                                     By: _____
                                         THERESA A. KADING

                                     Attorneys for Defendants
                                     WELLS FARGO BANK, N.A. and WELLS
                                     FARGO & COMPANY

507643

8

**PROOF OF SERVICE**

STATE OF CALIFORNIA              )
                                 ) ss:
COUNTY OF ORANGE                 )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **November 1, 2021**, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF ARMANDO MEJIA'S COMPLAINT** on the interested parties in this action by the method indicated below and to the following addresses:

Jack Bazerkanian                    Attorneys for Plaintiff ARMANDO MEJIA
James Shin
Tiffany Ariavand                    Telephone: (213) 986-3430
C&B LAW GROUP LLP                   Facsimile:  (213) 986-9860
2315 W. Burbank Blvd.               Email: Jack@cblawgroup.com
Burbank, CA 91506                          James@cblawgroup.com
                                           Tiffany@cblawgroup.com
                                           frederick@cblawgroup.com
                                           stephanie@cblawgroup.com

☒ **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC MAIL:** I served the foregoing document(s) via electronic mail to the email address(es) noted above.

☐ **BY ELECTRONIC SERVICE THROUGH ONE LEGAL ONLINE COURT SERVICES:** Pursuant to C.R.C. 2.251, I caused a copy of the foregoing document(s) to be uploaded to One Legal Online Court Services for electronic service on the above-referenced individuals.

☐ **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☐ **BY PERSONAL DELIVERY:** I caused said document(s) to be personally delivered by a process server employed by Nationwide Legal.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 1, 2021**, at Irvine, California.

_____
**Valerie Beechler**

EXHIBIT "G"

# EXHIBIT "G"

COPY

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | *Reserved for Clerk's File Stamp* |
|---|---|---|
| Theresa A. Kading (SBN 211469)<br>Elizabeth A. Han (SBN 274578)<br>KADING BRIGGS LLP<br>100 Spectrum Center Drive, Suite 800<br>Irvine, CA 92618<br>ATTORNEY FOR (Name): Defendant WELLS FARGO BANK, N.A. | | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 01 2021<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Patricia Figueroa, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
ARMANDO MEJIA

DEFENDANT/RESPONDENT:
WELLS FARGO BANK, N.A., et al.

| PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>21STCV35947 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Judge Michael L. Stern | Dept. Number:<br><br>62 |
|---|---|
| ☑ Judge            ☐ Commissioner            ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

# DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Wells Fargo Bank, N.A.
　　　　　　　　　　Name of Party

☐ Plaintiff/Petitioner　　　　☐ Cross Complainant
☑ Defendant/Respondent　　　☐ Cross Defendant
☐ Other: _____

Dated: October 27, 2021

*Signature of Declarant*

Elizabeth Anne Han
Printed Name

BY FAX

1   **PROOF OF SERVICE**

2   STATE OF CALIFORNIA                          )
                                                  ) ss:
3   COUNTY OF ORANGE                             )

4        I am employed in the County of Orange, State of California.  I am over the age of 18, and
not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum
5   Center Drive, Suite 800, Irvine, CA 92618.

6        On **November 1, 2021**, I served the foregoing document(s) described as:  **DEFENDANT
WELLS FARGO BANK, N.A.'S PEREMPTORY CHALLENGE TO JUDICIAL
7   OFFICER** on the interested parties in this action by the method indicated below and to the
following addresses:

8
     Jack Bazerkanian                        Attorneys for Plaintiff ARMANDO MEJIA
9    James Shin
     Tiffany Ariavand                        Telephone: (213) 986-3430
10   C&B LAW GROUP LLP                        Facsimile: (213) 986-9860
     2315 W. Burbank Blvd.                    Email: Jack@cblawgroup.com
11   Burbank, CA 91506                               James@cblawgroup.com
                                                     Tiffany@cblawgroup.com
12                                                   frederick@cblawgroup.com
                                                     stephanie@cblawgroup.com
13
14   ☒  **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in
        the United States mail at Irvine, California.  I am readily familiar with the practice of
15      Kading Briggs LLP for collection and processing correspondence for mailing.  Under that
        practice, it would be deposited with the United States Postal Service on that same day
16      with postage thereon fully prepaid at Irvine, California in the ordinary course of business.
        I am aware that on motion of the party served, service is presumed invalid if postal
17      cancellation date or postage meter date is more than one day after date of deposit for
        mailing in affidavit.

18   ☐  **BY ELECTRONIC MAIL:**  I served the foregoing document(s) via electronic mail to
        the email address(es) noted above.
19   ☐  **BY ELECTRONIC SERVICE THROUGH ONE LEGAL ONLINE COURT
        SERVICES:** Pursuant to C.R.C. 2.251, I caused a copy of the foregoing document(s) to
20      be uploaded to One Legal Online Court Services for electronic service on the above-
        referenced individuals.
21   ☐  **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Kading
        Briggs LLP for the collection and processing of correspondence for overnight delivery
22      and know that the document(s) described herein will be deposited in a box or other
        facility regularly maintained by the overnight delivery carrier.
23   ☐  **BY PERSONAL DELIVERY:** I caused said document(s) to be personally delivered by
        a process server employed by Nationwide Legal.
24   ☒  **STATE:** I declare under penalty of perjury under the laws of the State of California that
        the above is true and correct.
25      Executed on **November 1, 2021**, at Irvine, California.

26
27                                    _____
                                      **Valerie Beechler**
28

EXHIBIT "H"

# EXHIBIT "H"



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

## CERTIFIED ARTICLES OF ASSOCIATION

I, John Walsh, Acting Comptroller of the Currency, do hereby certify that the document hereto attached is a true and correct copy, as recorded in the Office of the Comptroller of the Currency, of the currently effective Articles of Association for "Wells Fargo Bank, National Association," Sioux Falls, South Dakota (Charter No. 1).



IN TESTIMONY WHEREOF, today, March 27, 2012, I have hereunto subscribed my name and caused my seal of office to be affixed to these presents at the U.S. Department of the Treasury, in the City of Washington, District of Columbia.

John Walsh

Acting Comptroller of the Currency

# ARTICLES OF ASSOCIATION
## OF
## WELLS FARGO BANK, NATIONAL ASSOCIATION

## ARTICLE I - NAME

The title of this Association shall be Wells Fargo Bank, National Association. The Association may also use the abbreviation Wells Fargo Bank, N.A.

## ARTICLE II - OFFICES

1. <u>Main Office</u>. The main office of this Association shall be in the City of Sioux Falls, County of Minnehaha, State of South Dakota. The Board of Directors shall have the power to change the location of the main office to any other place within the limits of the City of Sioux Falls, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

2. <u>Branch Offices</u>. The Board of Directors shall have the power to establish or change the location of any branch or branches of this Association to any other location, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

3. <u>Conduct of Business</u>. The general business of the Association shall be conducted at its main office and its branches.

## ARTICLE III - BOARD OF DIRECTORS

1. <u>Number</u>. The Board of Directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full Board of Directors or by resolution of the shareholders at any annual or special meeting thereof.

2. <u>Qualification</u>. Each director, during the full term of his or her directorship, shall own a minimum of $1,000 par value of stock of this Association or an equivalent interest, as determined by the Comptroller of the Currency, in any company which has control over this Association within the meaning of Section 2 of the Bank Holding Company Act of 1956.

3. <u>Vacancy</u>. The Board of Directors, by the vote of a majority of the full Board, may, between annual meetings of shareholders, fill vacancies created by the death, incapacity or resignation of any director and by the vote of a majority of the full Board may also, between annual meetings of shareholders, increase the membership of the Board by not more than four members and by like vote appoint qualified persons to fill the vacancies created thereby; provided, however, that at no time shall there be more than twenty-five directors of this Association; and provided further, however, that not more than two members may be added to the Board of Directors in the event that the total number of directors last elected by shareholders was fifteen or less.

4. <u>Appointment of Officers</u>. The Board of Directors shall appoint one of its members President of this Association, who shall act as Chairman of the Board, unless the Board appoints another director to act as Chairman. In the event the Board of Directors shall appoint a President and a Chairman, the Board shall designate which person shall act as the chief executive officer of this Association. The Board of Directors shall have the power to appoint one or more Vice Presidents and to appoint a Cashier and such other officers and employees as may be required to transact the business of this Association.

5. <u>Powers</u>. The Board of Directors shall have the power to define the duties of the officers and employees of this Association; to fix the salaries to be paid to them; to dismiss them; to require bonds from them and to fix the penalty thereof; to regulate the manner in which the increase of the capital of this Association shall be made; to manage and administer the business and affairs of this Association; to make all Bylaws that it may be lawful for them to make; and generally to do and perform all acts that it may be legal for a Board of Directors to do and perform.

## ARTICLE IV - MEETINGS OF SHAREHOLDERS

1. <u>Annual Meeting</u>. The annual meeting of the shareholders for the election of directors and the transaction of whatever other business may be brought before said meeting shall be held at the main office, or such other place as the Board of Directors may designate, on the day of each year specified therefor in the Bylaws, but if no election is held on that day, it may be held on any subsequent day according to the provisions of law; and all elections shall be held according to such lawful regulations as may be prescribed by the Board of Directors.

2. <u>Special Meetings</u>. The Board of Directors, the Chairman, the President, or any one or more shareholders owning, in the aggregate, not less than 25 percent of the stock of this Association, may call a special meeting of shareholders at any time.

3. <u>Notice of Meetings</u>. Unless otherwise provided by the laws of the United States, a notice of the time, place, and purpose of every annual and special meeting of the shareholders shall be given by first-class mail, postage prepaid, mailed at least ten days prior to the date of such meeting to each shareholder of record at his or her address as shown upon the books of this Association.

4 <u>Written Consents</u>. Any action required or permitted to be taken at an annual or special meeting of the shareholders of the Association may be taken without prior written notice and without any meeting if such action is taken by written action, containing a waiver of notice, signed by all of the shareholders entitled to vote on that action.

## ARTICLE V - CAPITAL

1. <u>Capitalization</u>. The amount of authorized capital stock of this Association shall be $1,122,000,000, divided into 112,200,000 shares of common stock of the par value of Ten Dollars ($10.00) each; but said capital stock may be increased or decreased from time to time, in accordance with the provisions of the laws of the United States.

2. <u>Voting Rights</u>. Each holder of common stock of the Association shall be entitled to vote on all matters, one vote for each share of common stock held by such holder.  No holder of shares of the capital stock of any class of this Association shall have any pre-emptive or preferential right of subscription to any shares of any class of stock of this Association, whether now or hereafter authorized, or to any obligations convertible into stock of this Association, issued or sold, nor any right of subscription to any thereof other than such, if any, as the Board of Directors, in its discretion, may from time to time determine and at such price as the Board of Directors may from time to time fix.

3. <u>Debt Obligations</u>.  The Association, at any time and from time to time, may authorize and issue debt obligations, whether or nor subordinated, without the approval of the shareholders.

<b>ARTICLE VI - PERPETUAL EXISTENCE</b>

The corporate existence of this Association shall continue until terminated in accordance with the laws of the United States.

<b>ARTICLE VII - INDEMNIFICATION</b>

To the extent permitted by 12 CFR 7.2014 and consistent with the requirements of 12 USC 1828(k) and the implementing regulations thereunder:

(a) <u>Elimination of Certain Liability of Directors</u>.  A director of the Association shall not be personally liable to the Association or its shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Association or its shareholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

(b)(1) <u>Right to Indemnification</u>.  Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Association or is or was serving at the request of the Association as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, whether the basis of such proceeding is alleged action or inaction in an official capacity as a director, officer, employee, or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Association to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Association to provide broader indemnification rights than said law permitted the Association to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall

- 3 -

continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of his or her heirs, executors and administrators; provided, however, that the Association shall indemnify any such person seeking indemnification in connection with a proceeding (or part thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors of the Association.  The right to indemnification conferred in this paragraph (b) shall be a contract right and shall include the right to be paid by the Association the expenses incurred in defending any such proceeding in advance of its final disposition; provided, however, that, if the Delaware General Corporation Law requires, the payment of such expenses incurred by a director of officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of a proceeding, shall be made only upon delivery to the Association of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director of officer is not entitled to be indemnified under this paragraph (b) or otherwise.  The Association may, by action of its Board of Directors, provide indemnification to employees and agents of the Association with the same scope and effect as the foregoing indemnification of directors and officers.

(2)  <u>Non-Exclusivity of Rights</u>.  The right to indemnification and the payment of expenses incurred in defending a proceeding in advance of its final disposition conferred in this paragraph (b) shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Articles of Association, by-law, agreement, vote of shareholders or disinterested directors or otherwise.

(3)  <u>Insurance</u>.  The Association may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Association or another corporation, partnership, joint venture, trust or other enterprise against any such expense, liability or loss, whether or not the Association would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

## ARTICLE VIII - AMENDMENT

These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of holders of such greater amount.

S:\RUEDP01\ARTICLES\WFB Articles (CURRENT).doc

EXHIBIT "I"

# EXHIBIT "I"

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

**Form 10-K**

Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934
For the fiscal year ended December 31, 2020     Commission File Number 001-2979

**WELLS FARGO & COMPANY**
(Exact name of registrant as specified in its charter)

**Delaware**               **No. 41-0449260**
(State of incorporation)     (I.R.S. Employer Identification No.)

**420 Montgomery Street, San Francisco, California 94104**
(Address of principal executive offices) (Zip code)
Registrant's telephone number, including area code: **1-866-249-3302**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of Each Class | Trading Symbol | Name of Each Exchange on Which Registered |
|---|---|---|
| Common Stock, par value $1-2/3 | WFC | NYSE |
| 7.5% Non-Cumulative Perpetual Convertible Class A Preferred Stock, Series L | WFC.PRL | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series N | WFC.PRN | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series O | WFC.PRO | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series P | WFC.PRP | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of 5.85% Fixed-to-Floating Rate Non-Cumulative Perpetual Class A Preferred Stock, Series Q | WFC.PRQ | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of 6.625% Fixed-to-Floating Rate Non-Cumulative Perpetual Class A Preferred Stock, Series R | WFC.PRR | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series W | WFC.PRW | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series X | WFC.PRX | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series Y | WFC.PRY | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series Z | WFC.PRZ | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series AA | WFC.PRA | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series CC | WFC.PRC | NYSE |
| Guarantee of 5.80% Fixed-to-Floating Rate Normal Wachovia Income Trust Securities of Wachovia Capital Trust III | WFC/TP | NYSE |
| Guarantee of Medium-Term Notes, Series A, due October 30, 2028 of Wells Fargo Finance LLC | WFC/28A | NYSE |

**Securities registered pursuant to Section 12(g) of the Act:**
Dividend Equalization Preferred Shares, no par value

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.     Yes ☐  No ☑

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.     Yes ☐  No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.     Yes ☑  No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).     Yes ☑  No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

Large accelerated filer ☑                       Accelerated filer ☐
Non-accelerated filer ☐                          Smaller reporting company ☐
                                                 Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.     ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (§ 15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report.     ☑

Indicate by check mark whether the registrant is a shell Company (as defined in Rule 12b-2 of the Act).     Yes ☐  No ☑

At June 30, 2020, the aggregate market value of common stock held by non-affiliates was approximately $105.2 billion, based on a closing price of $25.60. At February 16, 2021, 4,134,106,677 shares of common stock were outstanding.

**Documents Incorporated by Reference in Form 10-K**

| Incorporated Documents | Where incorporated in Form 10-K |
|---|---|
| 1. Portions of the Company's Annual Report to Shareholders for the year ended December 31, 2020 ("2020 Annual Report to Shareholders") | Part I – Items 1, 1A, 2 and 3; Part II – Items 5, 7, 7A, 8 and 9A; and Part IV– Item 15 |
| 2. Portions of the Company's Proxy Statement for the Annual Meeting of Shareholders to be held April 27, 2021 ("2021 Proxy Statement") | Part III – Items 10, 11, 12, 13 and 14 |

# PART I.

## ITEM 1.    BUSINESS

Wells Fargo & Company is a corporation organized under the laws of Delaware and a financial holding company and a bank holding company registered under the Bank Holding Company Act of 1956, as amended (BHC Act). Its principal business is to act as a holding company for its subsidiaries. References in this report to "the Parent" mean the holding company. References to "we," "our," "us" or "the Company" mean the holding company and its subsidiaries that are consolidated for financial reporting purposes.

At December 31, 2020, we had assets of approximately $1.9 trillion, loans of $887.6 billion, deposits of $1.4 trillion and stockholders' equity of $185 billion. Based on assets, we were the fourth largest bank holding company in the United States. At December 31, 2020, Wells Fargo Bank, N.A. was the Company's principal subsidiary with assets of $1.8 trillion, or 90% of the Company's assets.

Our annual reports on Form 10-K, quarterly reports on Form 10-Q, current reports on Form 8-K, and amendments to those reports, are available for free at www.wellsfargo.com/about/investor-relations/filings as soon as reasonably practicable after they are electronically filed with or furnished to the Securities and Exchange Commission (SEC). They are also available for free on the SEC's website at www.sec.gov[1].

## DESCRIPTION OF BUSINESS

### General

We are a leading financial services company that provides a diversified set of banking, investment and mortgage products and services, as well as consumer and commercial finance, through banking locations and offices, the internet (www.wellsfargo.com) and other distribution channels to individuals, businesses and institutions in all 50 states, the District of Columbia and in countries outside the U.S. We provide consumer financial products and services including checking and savings accounts, credit and debit cards, and auto, mortgage and home equity, and small business lending. In addition, we offer financial planning, private banking, investment management, and fiduciary services. We also provide financial solutions to businesses through products and services including traditional commercial loans and lines of credit, letters of credit, asset-based lending, trade financing, treasury management, and investment banking services.

As of December 31, 2020, we had four reportable operating segments for management reporting purposes: Consumer Banking and Lending; Commercial Banking; Corporate and Investment Banking; and Wealth and Investment Management. The 2020 Annual Report to Shareholders includes financial information and descriptions of these operating segments.

### Human Capital

Our people are what set Wells Fargo apart and are critical to our success. Wells Fargo continues to invest in our employees by offering market competitive compensation, career-development opportunities, a broad array of benefits, and strong work-life programs.

In 2020, we introduced a new set of expectations for everyone at the Company. These expectations guide how we lead ourselves, collaborate with our colleagues, and make decisions. The following expectations apply to everyone at Wells Fargo, at every level, and in every role:

• Embrace candor
• Do what's right
• Be great at execution
• Learn and grow
• Champion diversity and inclusion
• Build high-performing teams (for managers)

At December 31, 2020, we had an active employee headcount of 268,531, with approximately 88% of employees based in the United States. Our global workforce was 54% female and 46% male, and our U.S. workforce was 56% female and 44% male. Our U.S. workforce was 55% Caucasian/white and 45% racially/ethnically diverse.

*Supporting Employees During the COVID-19 Pandemic.* In response to the COVID-19 pandemic, we expanded work-from-home capabilities wherever possible, and enabled approximately 200,000 employees to work from home. For jobs that could not be done remotely, we took significant actions to enhance safety, including implementing social distancing measures, requiring employees to wear facial coverings, staggering staff and shifts, and enhancing cleaning protocols in accordance with guidance from the U.S. Centers for Disease Control and Prevention. We adjusted our child care benefits in the U.S. and Canada to provide additional resources and flexibility for employees impacted by school closures. We also enhanced our health care and time-off benefits in the U.S. to help fully cover the medical costs associated with COVID-19 and allow high-risk, exposed, or infected employees to stay home without having to take paid time off. At more than 50 of our largest U.S. sites, we launched a temporary on-site nursing service to screen for COVID-19 symptoms and refer individuals for testing. We also took a number of actions to support our employees' financial security. We made additional cash payments to employees whose roles required them to go into the office to serve customers or other employees. For U.S. nonexempt employees, we temporarily doubled the hourly rate for time worked over 40 hours per week. We also made a $25 million grant to the WE Care employee relief fund, which provided financial assistance to more than 23,000 U.S. and international employees facing COVID-related hardships.

*Promoting Diversity, Equity and Inclusion.* Meeting the increasingly diverse needs of Wells Fargo's global customer base is critical to our company's long-term growth and success. Wells Fargo values and promotes diversity, equity and inclusion in every aspect of our business. We are dedicated to recruitment and career development practices that support our employees and promote diversity in our workforce at all levels of our Company, including leadership positions. We have a strong record of recruiting, promoting, and rewarding women and racially/ethnically diverse employees at all levels of our Company, including a commitment to increase diverse representation in leadership roles. We use various metrics, including the actual percentage of women in our global workforce and racially/ethnically diverse individuals in senior leadership roles in the U.S. to monitor our progress. As of December 31, 2020, senior management (levels 2-4 down from the CEO) was 48% female

---

[1] We do not control this website. Wells Fargo has provided this link for your convenience, but does not endorse and is not responsible for the content, links, privacy policy, or security policy of this website.

EXHIBIT "J"

# EXHIBIT "J"

1  GLENN L. BRIGGS (SBN 174497)
   Email: gbriggs@kadingbriggs.com
2  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
3  ELIZABETH A. HAN (SBN 274578)
   Email: ehan@kadingbriggs.com
4  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
5  Irvine, California 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendants
   WELLS FARGO BANK, N.A. and
8  WELLS FARGO & COMPANY

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11

12  ARMANDO MEJIA, an individual,          CASE NO. 21STCV35947

13              Plaintiff,                 Assigned for all purposes to Hon. Michael L.
                                           Stern in Dept. 62
14      vs.
                                           **DEFENDANT WELLS FARGO BANK,**
15  WELLS FARGO BANK, N.A., a federally    **N.A.'S NOTICE TO ADVERSE PARTY OF**
    chartered bank; WELLS FARGO &          **REMOVAL OF CIVIL ACTION TO UNITED**
16  COMPANY, a Delaware corporation; and   **STATES DISTRICT COURT UNDER 28**
    DOES 1 through 50, inclusive,          **U.S.C. §§ 1332  AND 1441 (DIVERSITY)**
17
               Defendants.                 Complaint Filed:        September 29, 2021
18

19

20

21

22

23

24

25

26

27

28
506003
                                    1

1    TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2

3        PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

4    United States District Court for the Central District of California on November 2, 2021.  A copy

5    of said Notice of Removal and supporting exhibits are attached to this Notice, and are served and

6    filed herewith.

7

8    DATED: November 1, 2021              KADING BRIGGS LLP
                                          GLENN L. BRIGGS
9                                         THERESA A. KADING
                                          ELIZABETH A. HAN
10

11                                        By: _____

12

13                                        Attorneys for Defendants
                                          WELLS FARGO BANK, N.A. and WELLS
14                                        FARGO & COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

506003

DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

EXHIBIT "K"

# EXHIBIT "K"

1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
3   ELIZABETH A. HAN (SBN 274578)
    Email: ehan@kadingbriggs.com
4   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendants
    WELLS FARGO BANK, N.A. and
8   WELLS FARGO & COMPANY

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                COUNTY OF LOS ANGELES

11

12  ARMANDO MEJIA, an individual,      |  CASE NO. 21STCV35947

13          Plaintiff,        |  Assigned for all purposes to Hon. Michael L.
                                 Stern in Dept. 62
14      vs.

15  WELLS FARGO BANK, N.A., a federally  |  **DEFENDANT WELLS FARGO BANK,**
    chartered bank; WELLS FARGO &       **N.A.'S NOTICE TO STATE COURT OF**
16  COMPANY, a Delaware corporation; and  **REMOVAL OF CIVIL ACTION TO UNITED**
    DOES 1 through 50, inclusive,         **STATES DISTRICT COURT UNDER 28**
17                                 **U.S.C. §§ 1332 AND 1441 (DIVERSITY)**
          Defendants.       |
18                                 Complaint Filed:     September 29, 2021

19

20

21

22

23

24

25

26

27

28

506005

                                1

1   TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES:

2

3          Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse Party of

4   Removal of this action to the United States District Court for the Central District of California.

5   The original Notice of Removal of Civil Action to the United States District Court was filed with

6   the United States District Court for the Central District of California with the attached exhibits on

7   November 2, 2021.

8          The filing of said Notice of Removal effects the removal of the above-entitled action from

9   this Court.

10

11  DATED: November 1, 2021              KADING BRIGGS LLP
                                         GLENN L. BRIGGS
12                                       THERESA A. KADING
                                         ELIZABETH A. HAN
13

14                                       By: _____
                                              THERESA A. KADING
15
                                         Attorneys for Defendants
16                                       WELLS FARGO BANK, N.A. and WELLS
                                         FARGO & COMPANY
17

18

19

20

21

22

23

24

25

26

27

28

506005

DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

EXHIBIT "L"

# EXHIBIT "L"



## Notice of Service of Process

**AZH / ALL**
**Transmittal Number: 23869050**
**Date Processed: 10/05/2021**

**Primary Contact:**     WF West - WF Bank
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Armando Mejia vs. Wells Fargo Bank, N.A. |
| **Matter Name/ID:** | Armando Mejia vs. Wells Fargo Bank, N.A. (11615081) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV35947 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/04/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jack Bazerkanian<br>213-986-3430 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# Notice of Service of Process

AZH / ALL
**Transmittal Number: 23869024**
**Date Processed: 10/05/2021**

**Primary Contact:**  WF West - WF Bank
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Entity:** | Wells Fargo & Company<br>Entity ID Number  1915501 |
| **Entity Served:** | Wells Fargo & Company |
| **Title of Action:** | Armando Mejia vs. Wells Fargo Bank, N.A. |
| **Matter Name/ID:** | Armando Mejia vs. Wells Fargo Bank, N.A. (11615081) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV35947 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/04/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jack Bazerkanian<br>213-986-3430 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com