UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8646-MWF (JEMx)    JS-6 | | Date:  February 3, 2022 |
| Title: | Armando Mejia v. Wells Fargo Bank, N.A. and Wells Fargo & Company | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Amy Diaz |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: DEFENDANTS WELLS FARGO BANK, N.A. AND WELLS FARGO & COMPANY'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT IN ITS ENTIRETY OR, ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AS TO WELLS FARGO & COMPANY PURSUANT TO FED. R. CIV. P. 12(B)(6) & 12(F) [14]; PLAINTIFF ARMANDO MEJIA'S MOTION TO REMAND AND REQUEST FOR COSTS AND FEES IN THE AMOUNT OF $6,525.00 [16]

Before the Court are two motions:

The first is Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company's Motion to Strike Plaintiff's First Amended Complaint in its Entirety or, Alternatively, Dismiss Plaintiff's First Amended Complaint as to Wells Fargo & Company Pursuant to Fed. R. Civ. P. 12(b)(6) & 12(f) (the "MTD"), filed on December 14, 2021.  (Docket No. 14).  Plaintiff Armando Mejia filed an Opposition ("Opp. to MTD") on January 10, 2022.  (Docket No. 19).  Defendants filed a Reply on January 14, 2022.  (Docket No. 20).

The second is Plaintiff Armando Mejia's Motion to Remand and Request for Costs and Fees in the Amount Of $6,525.00 ("Motion to Remand"), filed on December 14, 2021.  (Docket No. 16).  Defendant Wells Fargo Bank, N.A. filed an Opposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-8646-MWF (JEMx) | Date: February 3, 2022 |
| Title: Armando Mejia v. Wells Fargo Bank, N.A. and Wells Fargo & Company | |

("Opp. to Remand") on January 10, 2022. (Docket No. 18). Plaintiff did not file a reply.

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **February 2, 2022** pursuant to General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

For the following reasons, the Court rules as follows:

- The Motion to Strike is **DENIED**. Although the FAC was filed untimely and without leave, the liberal policy favoring amendment counsels against striking a pleading that likely would have been granted leave to be filed.

- The Motion to Remand is **GRANTED**. Plaintiff is not incapable of stating a claim against non-diverse Defendant Wells Fargo & Company, destroying diversity jurisdiction. Because Defendants' arguments were not objectively unreasonable, the request for fees is **DENIED**.

- The Motion to Dismiss is **DENIED** *as moot* given remand.

I. **BACKGROUND**

This action was removed from Los Angeles Superior Court on November 2, 2021. (*See* Docket No. 1 ("NoR")). Plaintiff filed a First Amended Complaint ("FAC") on November 30, 2021. (*See* Docket No. 11).

Plaintiff alleges he was an employee of Defendants starting in approximately November 2000, and went on medical leave on October 12, 2018. (*See id*. ¶¶ 11–15). After about two months of medical leave, Plaintiff requested his leave be shifted from medical leave to unpaid personal leave to allow for his continued recovery, with a return date of August 13, 2019, and the unpaid personal leave approved by Defendants. (*See id*. ¶¶ 17–18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-8646-MWF (JEMx)                             Date:  February 3, 2022
Title:     Armando Mejia v. Wells Fargo Bank, N.A. and Wells Fargo & Company

Plaintiff further alleges that while on leave, his unpaid leave was miscategorized as unapproved, and despite his efforts to correct the error with Defendants' Leave Operations Division, he was terminated on August 13, 2019.  (*See id*. ¶¶ 20–25).

The FAC brings claims for relief for disability discrimination, failure to accommodate a disability, failure to engage in an interactive process, and failure to prevent discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq*., wrongful termination in violation of public policy, and violation of the California Family Rights Act, Cal. Gov. Code § 12945 *et seq*.  (*See id*. ¶¶ 29–72).

Plaintiff prays for relief in the form of actual, consequential, and incidental damages, compensatory and general damages, exemplary and punitive damages, attorney's fees and costs per statute, and interest.  (*See id*. at 14).

## II.  DISCUSSION

### A.  Motion to Strike

Defendants content that the FAC should be stricken as untimely and because no leave of court was obtained.  (*See* MTD at 11–14).  Plaintiff argues the FAC was timely because it was filed 21 days after Wells Fargo & Company's first Motion to Dismiss.  (*See* Opp. to MTD at 5–6).

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of right.  Fed. R. Civ. P. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *Id.* 15(a)(2).

Rule 15(a)(2)'s rule requiring leave of court also governs amendment of pleadings in actions removed from state court.  *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removed action is treated as if the original action has been commenced in federal court."); *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) ("The federal court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-8646-MWF (JEMx) | Date: February 3, 2022 |
| Title: Armando Mejia v. Wells Fargo Bank, N.A. and Wells Fargo & Company | |

takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.").

Defendants here are correct that the FAC was filed untimely per the strictures of Rule 15. The FAC was filed 21 days after Wells Fargo & Company's original motion to dismiss, which is much later than 21 days after Wells Fargo Bank, N.A. filed its answer in state court. Rule 15(a)(1)(B) permits amendment as of right 21 days after the *earlier of* service of a responsive pleading or a motion under Rule 12(b). Because the filings are treated as if they had originally been filed in federal court, the FAC was untimely according to Rule 15. *See Schnabel*, 302 F.3d at 1037.

However, Rule 15 also requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Defendants do not present a reason leave to amend would not have been given had Plaintiff so moved.

Given the liberal policy permitting leave to amend, and that Defendants have made only a minimal showing of prejudice, the Motion to Strike is **DENIED**.

### B. Motion to Remand

The Court first considers the Motion to Remand because granting that motion would moot the Motion to Dismiss.

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Phillip*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-8646-MWF (JEMx)           Date: February 3, 2022
Title:     Armando Mejia v. Wells Fargo Bank, N.A. and Wells Fargo & Company

*Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1043 (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)) (internal quotation marks omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* at 1042 (citation and quotation marks omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation, quotation marks, and internal alterations omitted).

       "Fraudulent joinder is established . . . if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* (citation, quotation marks, and internal alterations omitted). "But if there is a ***possibility*** that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis in original) (citation omitted). That is, even if a plaintiff's complaint could not withstand a Rule 12(b)(6) motion with respect to a particular resident defendant, the district court must then consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.*

       The central question here is whether Wells Fargo & Company is a proper party to this action. Defendants dispute that Plaintiff had any employment relationship with Wells Fargo & Company, and argue he was employed only by Wells Fargo Bank, N.A. (*See* Opp. to Remand at 7). Plaintiff argues Wells Fargo & Company is a proper party because he alleges joint employer liability and that the action should never have been removed because of the lack of diversity. (*See* Motion to Remand at 9–10).

       Plaintiff's allegations that he was a joint employee of Wells Fargo & Company are conclusory and not supported by factual allegations. However, the Court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-8646-MWF (JEMx)                    Date:  February 3, 2022
Title:     Armando Mejia v. Wells Fargo Bank, N.A. and Wells Fargo & Company

further determine whether any "deficienc[ies] in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 548.

Under this standard, any defects in the FAC can be remedied by further amendment.  Plaintiff added additional allegations concerning Wells Fargo & Co. as between his original Complaint and the FAC, and there is no indication that, viewing all inferences most favorably to Plaintiff, he could not adequately allege liability on the part of Wells Fargo & Co., even given (as Defendants argued at the hearing) a presumption against liability of the parent company. The Court cannot say that a state court would find it impossible for Plaintiff to plead a viable cause of action.  *Cf. id*.

Accordingly, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff and Defendant Wells Fargo & Company are citizens of the same state, California, and no federal question is presented on the face of the FAC.  The action must be remanded to state court.

At the hearing, Defendants reiterated the argument from their briefing that because Plaintiff filed his FAC in federal court, Plaintiff consented to the jurisdiction of the Court and proceeding in federal court, as well as arguing that *Grancare* is inapposite. (*See*, *e.g*., Opp. to Remand at 13–14).

It is well understood that personal jurisdictional is waivable and the parties may consent to personal jurisdiction in federal court.  *See*, *e.g*., *Dow Chemical Co. v. Calderon*, 422 F.3d 872, 831 (9th Cir. 2005) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("the personal jurisdiction requirement is a waivable right")).

In contrast, subject-matter jurisdiction generally only arises out of the statutory grants of federal question jurisdiction or diversity jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. §§ 1331, 1332).  "Federal courts are courts of limited jurisdiction, and the parties may not expand that jurisdiction by waiver or consent."  *Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 21-8646-MWF (JEMx) | Date:  February 3, 2022 |
| Title:   Armando Mejia v. Wells Fargo Bank, N.A. and Wells Fargo & Company | |

While Plaintiff's filing of the FAC would be determinative of the personal jurisdiction inquiry, it is not applicable when considering the Court's subject-matter jurisdiction. As stated above, because the Court cannot find that Wells Fargo & Co. was fraudulently joined under Ninth Circuit case law and California substantive law, diversity does not exist between the parties and the Court does not have jurisdiction under 28 U.S.C. § 1332 to hear the case.

Accordingly, the Motion is **GRANTED**.

Plaintiff also argues for an award of costs pursuant to 28 U.S.C. § 1447(c). A court may, at its discretion, require the payment of costs and expenses, including attorney's fees, that result from removal. *See* 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Fees may be awarded when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit," and courts should consider whether the arguments were "clearly foreclosed." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065–67 (9th Cir. 2008).

Although the law requires that the action be remanded, Defendants' arguments were not "objectively unreasonable," and thus the request for fees is **DENIED**.

### III.  CONCLUSION

The Motion to Strike is **DENIED**. The Motion to Remand is **GRANTED**, and this action will be returned to superior court. Plaintiff's request for costs is **DENIED**. The Motion to Dismiss is **DENIED** *as moot*.

The action is **REMANDED** and the Clerk of Court is **ORDERED** to return this action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.